IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JOHN GREGORY GREEN, <br> TDCJ #1562727, <br><br> Petitioner, <br><br> v. <br><br> RICK THALER, Director, <br> Texas Department of Criminal Justice - <br> Correctional Institutions Division, <br><br> Respondent. | § § § § § § § § § § § § § | CIVIL ACTION NO. H-10-4787 |

## **MEMORANDUM AND ORDER TO SHOW CAUSE**

The petitioner, John Gregory Green (TDCJ #1562727), is a state inmate incarcerated in the Texas Department of Criminal Justice – Correctional Institutions Division (collectively, "TDCJ"). Green seeks a writ of habeas corpus under 28 U.S.C. § 2254 to challenge a state court felony conviction. Green has included a short memorandum in support of his petition. However, he has not paid the filing fee or submitted a properly supported motion for leave to proceed *in forma pauperis*. Moreover, for reasons explained more fully below, it appears that the petition is barred by the governing one-year statute of limitations found in 28 U.S.C. § 2244(d). Accordingly, Green is ordered to show cause within **thirty days** why this case should not be dismissed.

I.   BACKGROUND

Green discloses that he shot and killed a man during a struggle over an unspecified item of property, which the victim was threatening to steal. Green was identified as the

shooter by three eye-witnesses who were prepared to testify for the State. A local grand jury returned an indictment against Green, charging him with murder in cause number #1169510. On March 3, 2009, Green entered a guilty plea to those charges. The 248th District Court for Harris County, Texas, accepted Green's guilty plea and sentenced him to serve thirty-five years' imprisonment. Green did not file a direct appeal.

In a habeas corpus petition filed on November 24, 2010,[1] Green seeks relief from his conviction under 28 U.S.C. § 2254. He does not dispute his guilt. Instead, Green argues that he was denied effective assistance of counsel prior to and after he entered his guilty plea. The pleadings document extended delay on Green's part in pursuing federal habeas corpus review. Accordingly, for reasons discussed briefly below, the Court finds that his petition is subject to dismissal because it is barred by the applicable one-year statute of limitations.

## II.    THE ONE-YEAR STATUTE OF LIMITATIONS

According to the Antiterrorism and Effective Death Penalty Act of 1996 (the "AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (1996), all federal habeas corpus petitions filed after April 24, 1996, are subject to a one-year limitations period found in 28 U.S.C. § 2244(d). Because Green challenges a state court judgment, the statute of limitations for federal habeas corpus review began to run pursuant to 28 U.S.C. § 2244(d)(1)(A), at "the date

---

[1] The Clerk's Office received the petition on November 29, 2010, and filed it that same day. The petition is not dated, but it is post-marked November 24, 2010. For statute of limitations purposes, courts in the Fifth Circuit treat the date a *pro se* prisoner deposits a federal habeas corpus petition in the mail as the filing date. *See Fisher v. Johnson*, 174 F.3d 710, 712 n.8 (5th Cir. 1999) (citing *Spotville v. Cain*, 149 F.3d 374, 378 (5th Cir. 1998) (per curiam)).

on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."

In this case, the pleadings reflect that Green's conviction became final no later than April 2, 2009, thirty days after he entered his guilty plea. *See* TEX. R. APP. P. 26.2(a). That date triggered the one-year statute of limitations on federal habeas corpus review, which expired on April 2, 2010. Green's pending federal habeas corpus petition, post-marked November 24, 2010, is late by more than six months and is therefore barred by the statute of limitations unless an exception applies.

### III.    CONCLUSION AND ORDER TO SHOW CAUSE

Therefore, based on the foregoing, the Court **ORDERS** as follows:

1. The petitioner must pay the filing fee ($5.00) or submit a properly supported motion for leave to proceed *in forma pauperis*, together with a certified copy of his inmate trust fund account statement, within thirty days of the date of this order.

2. The petitioner must show cause in writing within thirty days of the date of this order why this case should not be dismissed as barred by the governing statute of limitations.

3. The petitioner is admonished that his failure to comply as directed will result in the dismissal of this case without further notice for want of prosecution pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

The Clerk shall provide a copy of this order to the parties.

SIGNED at Houston, Texas, on <u>December 14</u>, 2010.

Nancy F. Atlas
United States District Judge