IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JOHN GREGORY GREEN, § | | |
| TDCJ #1562727, § | | |
| § | | |
| Petitioner, § | | |
| § | | |
| v. § | | CIVIL ACTION NO. H-10-4787 |
| § | | |
| RICK THALER, Director, § | | |
| Texas Department of Criminal Justice - § | | |
| Correctional Institutions Division, § | | |
| § | | |
| Respondent. § | | |

## MEMORANDUM AND ORDER

State inmate John Gregory Green (TDCJ #1562727) has filed a petition for writ of habeas corpus under 28 U.S.C. § 2254 to challenge a state court felony conviction. After reviewing the petition and supporting memorandum, the Court issued an order directing Green to show cause why his petition should not be dismissed as barred by the governing one-year statute of limitations found in 28 U.S.C. § 2244(d) [Doc. # 4]. Green has not filed a response and his time to do so has expired. After considering all of the pleadings, and the applicable law, the Court **dismisses** this case for reasons that follow.

I.     BACKGROUND

Green is presently incarcerated in the Texas Department of Criminal Justice - Correctional Institutions Division (collectively, "TDCJ") as the result of a murder conviction entered against him in cause number 1169510. Green explains in his petition that he shot and killed a man during a struggle over an unspecified item of property, which the victim was

threatening to steal. Green was identified as the shooter by three eye-witnesses who were prepared to testify for the State. On March 3, 2009, Green entered a guilty plea to the murder charges that were pending against him. The 248th District Court for Harris County, Texas, accepted Green's guilty plea and sentenced him to serve thirty-five years' imprisonment. Green did not file a direct appeal.

Green now seeks relief from his conviction in a habeas corpus petition that was filed on November 24, 2010.[1] Green's sole claim is that he was denied effective assistance of counsel prior to and after he entered his guilty plea. Noting that the pleadings document extended delay on Green's part in pursuing federal habeas corpus review, the Court directed Green to show cause within thirty days why his petition should not be dismissed under the statute of limitations found in 28 U.S.C. § 2244(d). Green has not filed a response. Accordingly, for reasons discussed briefly below, the Court concludes that the petition must be dismissed as barred by the applicable one-year statute of limitations.

## II.     THE ONE-YEAR STATUTE OF LIMITATIONS

As explained to Green in the Court's show cause order, all federal habeas corpus petitions filed after April 24, 1996, are subject to a one-year limitations period established by the Antiterrorism and Effective Death Penalty Act of 1996 (the "AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (1996), codified at 28 U.S.C. § 2244(d). Because the pending petition

---

[1] The Clerk's Office received the petition on November 29, 2010, and filed it that same day. The petition is not dated, but it is post-marked November 24, 2010. For statute of limitations purposes, courts in the Fifth Circuit treat the date a *pro se* prisoner deposits a federal habeas corpus petition in the mail as the filing date. *See Fisher v. Johnson*, 174 F.3d 710, 712 n.8 (5th Cir. 1999) (citing *Spotville v. Cain*, 149 F.3d 374, 378 (5th Cir. 1998) (per curiam)).

2

was filed well after April 24, 1996, the one-year limitations period clearly applies. *See Flanagan v. Johnson*, 154 F.3d 196, 198 (5th Cir. 1998) (citing *Lindh v. Murphy*, 521 U.S. 320 (1997)). Although the statute of limitations is an affirmative defense, district courts may raise the defense *sua sponte* and dismiss a petition prior to any answer if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." *Kiser v. Johnson*, 163 F.3d 326, 328 (5th Cir. 1999) (quoting 28 U.S.C. foll. § 2254 Rule 4). A district court may dismiss a habeas petition as untimely on its own initiative where it gives fair notice to the petitioner and an opportunity to respond. *See Day v. McDonough*, 547 U.S. 198, 210 (2006).

Because Green challenges a state court judgment, the statute of limitations for federal habeas corpus review began to run pursuant to 28 U.S.C. § 2244(d)(1)(A), at "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." The pleadings reflect that Green entered a guilty plea on March 3, 2009, and that he did not file a direct appeal. Green's conviction became final no later than April 2, 2009, thirty days after he entered his guilty plea. *See* TEX. R. APP. P. 26.2(a). That date triggered the one-year statute of limitations on federal habeas corpus review, which expired on April 2, 2010. Green's pending federal habeas corpus petition, post-marked November 24, 2010, is late by more than six months and is therefore barred by the statute of limitations unless an exception applies.

Under 28 U.S.C. § 2244(d)(2), the time during which a "properly filed" application for state habeas corpus or other collateral review is pending shall not be counted toward the

3

limitations period. *See Artuz v. Bennett*, 531 U.S. 4 (2000). Green reports in his petition that he filed a state habeas corpus application on July 13, 2010, which the Texas Court of Criminal Appeals denied on November 3, 2010. *See Ex parte Green*, No. 74,756-01. Because Green waited to challenge his conviction until after the federal habeas statute of limitations had already expired, his state habeas proceeding had no tolling effect for purposes of § 2244(d)(2). *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000) (noting that the statute of limitations is not tolled by a state habeas corpus application filed after the expiration of the limitations period).

Green presents no other basis for statutory tolling and the record fails to disclose any. In that regard, Green does not invoke 28 U.S.C. § 2244(d)(1)(B), or show that he was subject to state action that prevented him from filing a timely petition. Further, there is no showing of a newly recognized constitutional right upon which the petition is based; nor is there a factual predicate for the claims that could not have been discovered previously if the petitioner had acted with due diligence. *See* 28 U.S.C. §2244(d)(1)(C), (D). Green has not filed a response to the show cause order and he does not otherwise request equitable tolling. Because Green has not alleged facts showing that he is entitled to tolling, his petition must be dismissed as barred by the governing one-year limitations period.

### III.    CERTIFICATE OF APPEALABILITY

Because the habeas corpus petition filed in this case is governed by the AEDPA, codified at 28 U.S.C. § 2253, a certificate of appealability is required before an appeal may

proceed. *See Hallmark v. Johnson*, 118 F.3d 1073, 1076 (5th Cir. 1997) (noting that actions filed under either 28 U.S.C. § 2254 or § 2255 require a certificate of appealability). "This is a jurisdictional prerequisite because the COA statute mandates that '[u]nless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. . . .'" *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (citing 28 U.S.C. §2253(c)(1)).

A certificate of appealability will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which requires a petitioner to demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Under the controlling standard, this requires a petitioner to show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El*, 537 U.S. at 336. Where denial of relief is based on procedural grounds, the petitioner must show not only that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

A district court may deny a certificate of appealability, *sua sponte*, without requiring further briefing or argument. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). The statute of limitations on federal habeas corpus review has been the law for fourteen years,

since April of 1996. This Court concludes that jurists of reason would not debate whether any procedural ruling in this case was correct or whether the petitioner states a valid claim. Therefore, a certificate of appealability will not issue.

### IV.   CONCLUSION

Based on the foregoing, the Court **ORDERS** as follows:

1. The federal habeas corpus petition is **DISMISSED** with prejudice as barred by the statute of limitations.

2. A certificate of appealability is **DENIED**.

The Clerk shall provide a copy of this order to the parties.

SIGNED at Houston, Texas, on <u>January 31</u>, 2011.

_____
Nancy F. Atlas
United States District Judge